IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
DECEMBER 05, 2001 Session

## FLORA MAE MELTON v. GLEN HOUSTON MELTON

**Appeal from the Chancery Court for Lewis County**
**No. 3767, Russ Heldman, Chancellor**

**No. M-2001-00128-COA-R3-CV - Filed February 22, 2002**

This appeal from the Chancery Court of Lewis County questions whether the Trial Court erred in dividing the marital estate, thereby awarding Ms. Melton a disproportionate share. Mr. Melton further appeals the Trial Court's award of alimony *in futuro*, alimony *in solido*, discretionary costs and an award for personal injuries to Ms. Melton. Ms. Melton appeals the Trial Court's failure to award punitive damages for her personal injury. We affirm the decision of the Trial Court in part, vacate in part and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed In Part, Vacated in Part; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Randy Hillhouse, Lawrenceburg, TN, for the Appellant, Glen Houston Melton.

Ricky L. Wood, Parsons, TN, for the Appellee, Flora Mae Melton.

### OPINION

This is an appeal from a divorce decree between Flora Mae Melton, the Appellee, and Glen Houston Melton, the Appellant. Mr. Melton appeals the decision of the Lewis County Chancery Court and presents for our review two issues which we restate:

I.  Whether the Trial Court failed to equitably divide the marital assets, awarding Ms. Melton a substantially disproportionate share.

II. Whether the Trial Court erred in awarding Ms. Melton alimony *in futuro*, attorney fees in the form of alimony *in solido*, discretionary costs, and an award for personal injuries.

In addition to the issues raised by Mr. Melton, Flora Mae Melton raises one issue for our review, which we restate:

> III.     Whether the Trial Court erred in failing to award Ms. Melton punitive damages, in addition to the $25,000.00 compensatory damages award for her personal injuries.

We affirm the decision of the Trial Court in part, vacate in part and remand for such further proceedings, as may be necessary, consistent with this opinion.

The parties were married on May 31, 1977, and separated on February 14, 1998. There were no minor children involved in this divorce action. Ms. Melton filed a divorce Complaint on March 12, 1998, wherein she alleged that on February 14, 1998, Mr. Melton became intoxicated and struck her on the head with a lead pipe knocking her unconscious and causing serious bodily injury. Ms. Melton further alleged that Mr. Melton then forced her into his vehicle, which was eventually stopped by the Tennessee Highway Patrol. Mr. Melton was arrested and Ms. Melton was taken to the emergency room where she received 60-70 stitches to close the wound on her head. Mr. Melton was charged with attempted first degree murder and kidnapping. According to the record, Mr. Melton plead guilty to attempted second degree murder and driving under the influence and was sentenced to 10 years in prison.

Following a hearing on August 21, 2000, the Trial Court granted Ms. Melton a divorce on the grounds of inappropriate marital conduct. The Trial Court ordered a property division and additionally, Ms. Melton was awarded alimony *in futuro* in an amount of $1,250.00 per month retroactive to January, 2000, a judgment of $15,000.00 for alimony arrearage for the year 2000. Ms. Melton was awarded $25,000.00 for personal injuries sustained by her on February 14, 1998. Finally, the Trial Court awarded Ms. Melton $5,075.35 alimony *in solido* as a portion of her attorney's fees, and ordered Mr. Melton to pay discretionary costs of $2,395.75 and court costs.

We review the Trial Court's findings of fact *de novo* upon the record of the proceedings below, with a presumption of correctness "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); *see also Hass v. Knighton*, 676 S.W.2d 554 (Tenn. 1984). There is no presumption of correctness with regard to the trial court's conclusion of law, and those conclusions are reviewed *de novo*. *Jahn v. Jahn*, 932 S.W.2d 939 (Tenn. Ct. App. 1996).

## I.

Mr. Melton's first issue on appeal questions whether the Trial Court erred in dividing the marital assets; thereby granting Ms. Melton a disproportionate share. Mr. Melton argues that the parties acquired a significant amount of real estate during their marriage and that the Trial Court's distribution of this property was inequitable. Additionally, Mr. Melton argues that the Trial Court failed to first divide the property into separate and marital property categories, and that the factors set forth in T.C.A. 36-4-121 were not taken into consideration.

Before addressing the property division of the Trial Court, we must first address the general principles regarding classification and division of property in Tennessee in a divorce case. Dividing a marital estate begins with classifying the property as either separate or marital property. *McClellan v. McClellan*, 873 S.W.2d 350 (Tenn. Ct. App. 1993). The Trial Court in the case *sub judice* did not make that determination with respect to most of the property involved in this proceeding including real property, personal property, retirement accounts, or other finances as to whether they were separate property or marital property.

The only two pieces of property classified by the Trial Court were the two homes previously owned by each party prior to the marriage. The Trial Court determined that the house owned by Ms. Melton, prior to the marriage, 524 West 5th Avenue, was her separate property and that the house owned by Mr. Melton prior to the marriage, 240 Garrison Road, was marital property and awarded it to Ms. Melton. The record does not support the inconsistent treatment of these two pieces of property. Further, there was no determination as to the classification or division of the 1984 Lincoln, Mr. Melton's retirement, the $51,000.00 cash bond, the 300 acre tract of land in Wayne County, the approximately $32,000.00 paid in legal fees in Mr. Melton's criminal action.

Because Tennessee is a "dual property" jurisdiction, it is essential that the first order of business is for the Trial Court to classify all the property, give each party their separate property and then divide the marital property. *Batson v. Batson*, 769 S.W.2d 849 (Tenn.Ct. App. 1988). The distinction between the two categories of property is important because only marital property is divided between the parties. T.C.A. 36-4-121(a)(1). A party's separate property is not to be divided. *Brock v. Brock*, 941 S.W.2d 896 (Tenn. Ct. App. 1996).

Marital property is defined in T.C.A. 36-4-121(b)(1)(A) which reads in pertinent part as follows:

> "Marital Property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce, except in the case of fraudulent conveyance in anticipation of filing, and including any property to which a right was acquired up to the date of the final divorce hearing, and valued as of a date as near as reasonably possible to the final divorce hearing date.
> . . .

Marital property is further defined at T.C.A. 36-4-121(b)(1)(B) as follows:

> "Marital Property" includes income from, and any increase in value during the marriage of, property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation, and the value of vested and unvested pension, vested and unvested stock option rights,

retirement or other fringe benefit rights relating to employment that
accrued during the period of the marriage.

Separate property is defined at T.C.A. 36-4-121(b)(2) in pertinent part as follows:

(A) All real and personal property owned by a spouse before
marriage; (B) Property acquired in exchange for property acquired
before the marriage; (C) Income from and appreciation of property
owned by a spouse before marriage except when characterized as
marital property under subdivision (b)(1); (D) Property acquired by
a spouse at any time by gift, bequest, devise, or descent;
. . .

The equitable nature of the property division by the Trial Court cannot not be determined by
this Court without the Trial Court first properly classifying the property. Once property is classified
as marital, it is to be equitably divided and distributed between the parties. T.C.A. 36-4-121(b)(1).
"Trial Courts have wide latitude in fashioning an equitable division of marital property." *Brown v.
Brown*, 913 S.W.2d 163 (Tenn. Ct. App. 1994). The standard factors set forth in T.C.A. 36-4-121(c)
must be considered. This Court has further stated in *Batson v. Batson*, 769 S.W.2d 849 (Tenn. Ct.
App. 1988) the following:

an equitable property division is not necessarily an equal one. It is
not achieved by a mechanical application of the statutory factors, but
rather by considering and weighing the most relevant factors in light
of the unique facts of the case.

Appellate Courts are to defer to a Trial Court's division of marital property unless that division is
unsupported by a preponderance of the evidence or inconsistent with the statutory factors. *Brown
v. Brown*, 913 S.W.2d 163 (Tenn. Ct. App. 1994). Marital fault cannot be considered. T.C.A. 36-4-
121(a)(1).

For the foregoing reason, we vacate the property division of the Trial Court and remand for
the classification of the entire marital estate and for an equitable division of that property determined
to be marital property.


II.


Mr. Melton's second issue on appeal questions whether the Trial Court erred in awarding
Ms. Melton (1) alimony *in futuro*, (2) attorney fees in the form of alimony *in solido*, (3) discretionary
costs, and (4) an award for personal injuries.

Because the factors that must be taken into consideration in making a decision to award alimony include, but are not limited to the following provisions codified in pertinent part at T.C.A. 36-5-101(d):

> (A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources; . . . (G) The separate assets of each party, both real and personal, tangible and intangible; (H) The provisions made with regard to the marital property as defined in § 36-4-121;

A decision with respect to alimony cannot be made until the marital estate is property classified and the marital property is divided. For the foregoing reasons, we vacate the order of the Trial Court granting alimony *in futuro*, alimony *in solido*, and remand to the Trial Court for a determination of the aforementioned issues following the classification of the marital estate and the division of the marital property.

Regarding Ms. Melton's award of compensatory damages in the amount of $25,000.00, Mr. Melton argues that the award was excessive. He asserts that Ms. Melton has no memory of the attack, has suffered no side effects except for headaches, and that her medical expenses were much less than the compensatory award. The review by this Court of a non-jury award for damages is governed by T.R.A.P. 13(d), which is *de novo* upon the record with a presumption of correctness of the findings of fact by the Trial Court. Unless the evidence preponderates otherwise, we must affirm.

Ms. Melton suffered an injury to her right eye and a laceration on her scalp requiring stitches.[1] Following two days in the hospital, Ms. Melton was discharged and able to return to her home. Ms. Melton testified that her recovery took 5 to 6 weeks, and that 3 of those weeks she was unable to get out of the bed. Ms. Melton's sister, a LPN, cared for Ms. Melton in her home for the 5 to 6 week recovery period and testified that Ms. Melton did not leave the residence during that time. Ms. Melton testified that she occasionally has headaches, blurred vision and dizziness as a result of the injury. The record reflects that Ms. Melton's medical bills were approximately $6,000.00. The Trial Court awarded Ms. Melton $25,000.00 in damages and based on her medical expenses, Ms. Melton's recovery time, the need for 24-hour nursing care, and the lingering effects of the injury, we affirm the decision of the Trial Court.

III.

---

[1] The record indicates that the laceration required between sixty to eighty stitches. There was no medical proof as to the exact number.

With respect to Ms. Melton's issue regarding the failure of the Trial Court to award punitive damages, we first note that the complaint and prayer for relief does seek punitive damages. However, there was no advocacy during the course of the trial with respect to this issue. Indeed, the Trial Court at the conclusion of the proof and in response to a question posed by counsel for Ms. Melton regarding a memorandum stated that he was not requiring one but if either counsel wanted to file a memorandum he would receive it. He then granted both counsel seven days within which to submit memoranda.

Apparently no memorandum was submitted on behalf Ms. Melton.

We are reluctant to place a trial court in error for failing to do that which he was not requested to do and for that reason cannot find the Trial Court in error with regard to the punitive damage issue.

For the foregoing reasons the judgment of the Trial Court is affirmed in part, vacated in part, and remanded to the Trial Court for proceedings not inconsistent with this opinion and for collection of costs below. Costs of appeal are adjudged equally against Appellant, Glen Houston Melton, and his surety and Appellee, Flora Mae Melton.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE